**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Keith Jerome BROWN, Defendant–
Appellant.**

**No. 90–10084.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 1991 *.

Decided Aug. 27, 1991.

Mary Kathryn Wisdom, Wisdom, Logan & McNulty, Phoenix, Ariz., for defendant-appellant.

Janet L. Patterson, Asst. U.S. Atty., Washington, D.C., for plaintiff-appellee.

Before BROWNING, FARRIS and LEAVY, Circuit Judges.

PER CURIAM:

Keith Jerome Brown appeals a judgment entered upon a jury verdict, and sentence of 123 months in prison plus five years supervised release. He argues that the district court erred in: (1) denying his motion to determine competency; (2) denying his request for substitute counsel; and (3) enhancing his base offense level for bank robbery based on discharge of a weapon. We affirm the conviction, but remand for resentencing.

■ The record reflects no ground upon which to question Brown's mental competence. The denial of his motion to determine competency therefore was not error. 18 U.S.C. § 4241(a) (court must grant motion only if there is reasonable cause to believe defendant may be suffering from mental disease or defect).

The district court inquired into the nature and extent of the conflict between Brown and his counsel. Our review of the record satisfies us that the conflict did not result in a total lack of communication preventing an adequate defense. *See United States v. Walker*, 915 F.2d 480, 482 (9th Cir.1990).

■ Because Brown received a consecutive sentence under 18 U.S.C. § 924(c) for use of a firearm during commission of a felony, the base offense level for the bank robbery conviction should not have been enhanced for use or display of a firearm. U.S.S.G. § 2K2.4, application note; § 3D1.1, application note. The adjusted offense level for the bank robbery should have been the base offense level of 20, increased by 2 levels since property of a financial institution was taken. Imposition

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

of the 63–month sentence based on an adjusted offense level higher than 22 was plain error. We therefore remand for resentencing.

AFFIRMED IN PART AND REMANDED FOR RESENTENCING.